**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4467**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD WILLIAMS, a/k/a Hop, a/k/a Hoppo,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:23-cr-00050-RJC-SCR-1)

_____

Submitted:  January 22, 2026                                    Decided:  February 3, 2026

_____

Before NIEMEYER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Williams appeals his sentence after pleading guilty to possession with intent to distribute 40 grams or more of fentanyl and marijuana.  On appeal, Williams's attorney has filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), concluding that there are no meritorious grounds for appeal but raising the issue of whether his prison sentence of 180 months was procedurally and/or substantively unreasonable.  Williams was notified of his right to file a pro se supplemental brief but has not done so.  We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id*. (citation modified).

"The [district] court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a).'"  *Id*. at 264.  "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (citation modified).  "'[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively

2

reasonable.'"  *Id*.  "'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'"  *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024).

We have reviewed the record and conclude that Williams's sentence is procedurally and substantively reasonable.  The district court properly calculated Williams's advisory Guidelines range; considered the § 3553(a) factors, Williams's allocution, and the parties' arguments for a downward variance; and adequately explained its decision to impose a sentence within a two-level variance range.  Williams has not rebutted the presumption that his sentence below his advisory Guidelines range is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review.  If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Williams.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*